UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Edward Barbour, *a.k.a. Kenneth Barbour*, <br><br>                    Plaintiff, <br><br> vs. <br><br> 12th President of the United States, <br><br>                    Defendant. | ) C/A No. 9:11-1302-HFF-BM <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Kenneth Edward Barbour, also known as Kenneth Barbour, proceeding *pro se*, files this civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff is a state prisoner in the Virginia Department of Corrections' Red Onion State Prison in Pound, Virginia.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), cert. denied, 516 U.S. 1177 (1996); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).

Plaintiff did not submit payment of the $350.00 filing fee with his Complaint but filed a "Statement of Assets" which is construed as a Motion for Leave to Proceed *in forma pauperis*. *See*



1

ECF No. 2; 28 U.S.C. §§ 1914(a), 1915. Title 28 U.S.C. § 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, 28 U.S.C. § 1915(g) provides:

> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court takes judicial notice[1] of the fact that Plaintiff has previously filed at least three (3) non-habeas cases in the United States District Court for the Western District of Virginia, which were dismissed with prejudice[2] and deemed strikes under § 1915(g) because the complaints in those cases failed to state a claim upon which relief may be granted.[3] *See, e.g.* Memorandum Opinion and Order Dismissing Case, *Barbour v. Virginia Dept. of Corr. et al.*, C/A No. 7:09-cv-00091 (W.D. Va. Apr. 8, 2009) ECF Nos. 7 & 8; Memorandum Opinion and Order Dismissing Case, *Barbour v. Virginia Dept. of Corr.*, C/A No. 7:09-cv-00083 (W.D. Va. Apr. 6, 2009) ECF Nos. 5 & 6; Memorandum Opinion and Order Dismissing Case, *Barbour v. Stanford, et al.*, C/A No. 7:09-

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] *See McLean v. United States*, 566 F.3d 391, 398-99 (4th Cir. 2009) ("An unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words 'with prejudice' to modify such a dismissal is simply not necessary.")

[3] *See Tolbert v. Stevenson*, 635 F. 3d 646, 651 (4th Cir. 2011) ("three strikes" provision of the PLRA requires that a prisoner's entire "action or appeal" be dismissed on enumerated grounds in order to count as a strike); *McLean*, 566 F. 3d at 401 ("[T]he dismissal of a prisoner's complaint without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g)."); *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006) (a dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g)).



cv-00077 (W.D. Va. Apr. 7, 2009) ECF Nos. 6 & 7. *See also* Memorandum Opinion and Order, *Barbour v. Turk*, C/A No. 7:11-cv-00225 (W.D. Va. May 16, 2011) ECF Nos. 3 & 4.

In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the United States District Court for the Western District of Virginia previously advised Plaintiff that he must submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. *See, e.g.* Memorandum Opinion, *Barbour v. Keeffee Commissaries at VDOC's*, C/A No. 7:09-cv-00154 (W.D. Va. May 12, 2009) ECF No. 4. In addition, the Court takes judicial notice that the United States District Court for the Eastern District of Virginia also previously advised Plaintiff that he is subject to the three-strikes provision of § 1915(g), *see* Dismissal Order, *Barbour v. Davis*, C/A No. 2:11-cv-00190 (E.D. Va. May 27, 2011) ECF No. 7, and previously determined that:

> Plaintiff is a contumacious litigator, with a long history of abusing this Court as well as the United States District Court for the Western District of Virginia. Plaintiff is well aware of the fact that he may not proceed with a civil action or appeal in any federal court without payment of the full filing fee, unless he is in imminent danger of serious physical injury.

Dismissal Order, *Barbour v. Non-ex Felon Voting Rights, et al.*, 2:10-cv-00458 (E.D. Va. Nov. 29, 2010) ECF No. 7.

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently under any imminent threat of serious physical injury within the meaning of 28 U.S.C. § 1915(g).[4] Therefore, it is recommended that Plaintiff's

---

[4] In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Fact allegations that are remote, speculative, or hypothetical



3

Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be denied, and that Plaintiff's Complaint be summarily dismissed *without prejudice* for failure to pay the filing fee at the time of filing the Complaint. *See Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff, and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*). *See also* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    Plaintiff's attention is directed to the important notice on the next page.

                     _____
                     Bristow Marchant
                     United States Magistrate Judge

June 8, 2011
Charleston, South Carolina

---

do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008); *White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)). Plaintiff's allegations fail to meet these requirements.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5